**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 99-31366

RANDALL THIBODEAUX, individually and on behalf of his
minor child Ashley Thibodeaux; VICKY THIBODEAUX,

Plaintiffs-Appellants,

VERSUS

EEX CORPORATION,

Defendant-Appellee.

Appeal from the United States District Court
For the Eastern District of Louisiana
98-CV-3511-B
October 12, 2000

Before DAVIS and EMILIO M. GARZA, Circuit Judges, and POGUE[*],
Judge.

PER CURIAM:[**]

We agree with the district court that the summary judgment
evidence fails to establish a fact issue tending to prove that
Thibodeaux had a more or less permanent connection to a vessel or

---

[*]Judge of the U.S. Court of International Trade, sitting by
designation.

[**]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a fleet of vessels.  He spent approximately 15% of his time working on two vessels and the balance of his work time aboard a stationary platform.  This does not come close to meeting the Supreme Court's benchmark[1] that such a worker who divides his time between a vessel and platform must spend 30% of his time performing duties aboard vessels.  Mr. Thibodeaux's compensation remedy is, of course, still available to him.

AFFIRMED.

---

[1]CHANDRIS, Inc., et al., Petitioners, v. Antonios LATSIS, 515 U.S. 347, 115 S.Ct. 2172 (1995).